NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISRAEL GARCIA, Jr., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA; SHERIDAN CORRECTIONAL INSTITUTION; RICHARD IVES; KRISTINA BEHRENS; ANDREW GRASLEY; DOES 1 THROUGH 5; DWAYNE M. JOHNSON; BILLY H. ROMERO; COURTNEY ARNOLD; SABRINA THOMAS; MOUNIR MOURTADA; WILLIAM MARK HOLBROOK; FEDERAL BUREAU OF PRISONS, <br><br> Defendants - Appellees. | No. 23-1722 <br><br> D.C. No. 3:18-cv-00176-HZ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted August 19, 2025**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Portland, Oregon

Before: CALLAHAN and MENDOZA, Circuit Judges, and SNOW, District Judge.[***]

Plaintiff-Appellant Israel Garcia, Jr. ("Plaintiff") appeals the district court's (1) denial of his request to reopen expert discovery to file a new expert report after the time for expert disclosure had expired; (2) evidentiary rulings allowing Defendants' expert to testify about conclusions and information not contained in his expert report; and (3) determination to credit the Defendants' expert over his expert, when Defendants' expert supposedly did not account for facts revealed by Plaintiff's subsequent surgeries in drafting his report. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review orders concerning scheduling, discovery, and evidentiary rulings for abuse of discretion. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1065 (9th Cir. 2017); *see also IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1119 (9th Cir. 2020). We reverse only if the error was not harmless. *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1189 (9th Cir. 2019). Findings of fact following a bench trial are reviewed for clear error. *Yu v. Idaho State Univ.*, 15 F.4th 1236, 1241 (9th Cir. 2021). We affirm.

---

[***] The Honorable G. Murray Snow, United States District Judge for the District of Arizona, sitting by designation.

1. Plaintiff has failed to demonstrate that he was harmed by the district court's denial of his late request to disclose a substitute expert witness to replace his initial expert, who said he was no longer willing to appear and testify. Indeed, Plaintiff's initial expert was ultimately able to testify at trial, despite the initial unwillingness. Plaintiff has not argued, and the record does not indicate, why or how the outcome of his case would have been any different if the district court granted his request. *See United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1190 (9th Cir. 2019) (error is harmless if "more probable than not" that the outcome of the case would have been the same.). Therefore, even assuming that the district court abused its discretion, any such error was harmless.

2. Plaintiff has also failed to demonstrate that he was harmed by the district court's allowance of Defendant's expert to testify at trial outside the scope of his expert report and pretrial expert witness statement. Admitted evidence is harmless if "it is more probable than not that the [factfinder] would have reached the same verdict even if the evidence had not been admitted." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010) (citation and alteration omitted). The record demonstrates that the district court did not rely on the disputed trial testimony in its conclusions of law. Though the district court mentioned the disputed testimony once in its findings of fact, it was unrelated to the district court's ultimate conclusion that Plaintiff did not show by a preponderance of evidence that

3                                                                                           23-1722

medical staff at Sheridan FCI breached their duty to provide standard of care medical treatment to Plaintiff. Defendant's expert's opinion provided support for that conclusion. As such, it is more probable than not that the district court would have reached the same verdict, even if the evidence had not been admitted; any error is therefore harmless. *See Jules Jordan Video, Inc.*, 617 F.3d at 1159.

3. The district court did not clearly error in finding Defendant's expert's testimony more probative than Plaintiff's expert's testimony. Plaintiff asserts that Defendant's expert lied about reviewing the November 2016 medical records before drafting his report and that the expert's opinion would have been different had he been aware of the 2016 operative report and findings from the appendectomy. However, Plaintiff cited no evidence in support of his assertion that Defendant's expert had not reviewed the operative report. Further, Defendant's expert considered the documents Plaintiff's expert reviewed in preparing his report, and Plaintiff's expert discussed the operative report in his written expert report. Thus, Plaintiff's argument that Defendants' expert lied about reviewing the November 2016 medical records before drafting his report, is unpersuasive. Accordingly, this Court is not left with the definite and firm conviction that the district court committed a clear error. *See Yu*, 15 F.4th at 1241.

**AFFIRMED.**

23-1722